UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIAMOND ENERGY PARTNERS, LLC, | ) ) ) | CASE NO. 4:23-cv-1013 |
| PLAINTIFF, | ) ) ) ) | CHIEF JUDGE SARA LIOI |
| vs. | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| BOBCAT MINERALS, LLC, | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion (Doc. No. 39) of plaintiff Diamond Energy Partners, LLC ("Diamond") seeking to compel defendant Bobcat Minerals, LLC ("Bobcat") to deposit with the Court all proceeds resulting from its potential sale to a third party of its oil and gas interests pending resolution of this case. In support of its motion, Diamond speculates that Bobcat intends to sell and assign its working interests in certain oil and gas wells, including wells that are the subject of this case, to a third-party buyer. (*Id.* at 1.) Diamond seeks an order requiring Bobcat to deposit the proceeds from its sale, claiming that "[i]n the interests of equity, any proceeds from the sale of Defendant's working interests should be placed in escrow until a determination is made by this Court as to how those proceeds should be applied to cover Defendant's proportionate share of the expenses associated with its working interests." (*Id.* at 2.) Diamond argues such a measure is necessary to "protect the other investors who have a working interest ownership in those same wells . . . ." (*Id.* at 2.) Diamond asserts, without explanation, that an order requiring Bobcat to deposit these funds with the Court "will not harm Defendant as any funds to which Defendant may be entitled can be released to Defendant at the conclusion of this litigation." (*Id.*)

Diamond's motion does not cite to any case law, nor does it identify any statute permitting the Court to require an opposing party to deposit funds with the Court. In its opposition, Bobcat identifies Federal Rule of Civil Procedure 67 as the only mechanism permitting deposits with the Court. (Doc. No. 40 (Opposition), at 2.) Rule 67(a) provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P. 67(a).

Diamond does not address Rule 67, either in its motion for deposit or in its reply. Instead, Diamond points to a contractual provision that it believes establishes a lien against Bobcat. (Doc. No. 41 (Reply), at 1.) The relevant portion of that provision reads:

> In the event of the neglect or failure of those Joint Venturers so electing to take in kind to promptly pay their proportionate share of the costs and expenses of development operations when due, Manager, within thirty (30) days after the rendition of statements therefor by Manager, shall proportionately contribute to the payment of delinquent indebtedness and Manager shall be entitled, through lien rights, for payment of delinquent indebtedness.

(*Id.*) This provision establishes the right of Diamond to a lien against Bobcat if Bobcat fails to pay its share of costs associated with the working interest. The underlying dispute in this case concerns whether Bobcat has failed to pay costs associated with its working interests. (*See* Doc. No. 40, at 1.) But as Diamond explains, Bobcat "may sell and assign its working interests in the oil and gas wells at issue," provided that "such a transaction does not absolve" Bobcat of its obligation to pay overdue costs under the parties' joint venture agreement. (Doc. No. 39, at 2.) Bobcat agrees. (Doc. No. 40, at 1.) The only point of disagreement, then, is whether the Court can order Bobcat to deposit with the clerk proceeds from what both parties agree is a permissible sale until this matter is resolved. It cannot.

2

Diamond's motion is devoid of supporting authority and relies entirely on vague notions of equity. However, as Bobcat correctly notes, Federal Rule of Civil Procedure 67 governs this situation and is explicitly permissive, not mandatory. *See ArcelorMittal Cleveland Inc. v. Jewell Coke Co., L.P.*, No. 1:10-cv-00362, 2010 WL 5158869, at *1 (N.D. Ohio Dec. 14, 2010) (citing *Alstom Caribe, Inc. v. Geo. P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir.2007)). Rule 67 "provides no authority for another party to demand surrender of [a disputed asset]." *Rhoades v. Hameed*, No. 1:08-cv-1445, 2009 WL 10720170, at *5 (N.D. Ohio Sept. 30, 2009) (citation omitted). Nor does Rule 67 permit Diamond to "create a fund to secure the satisfaction of a prospective judgment" by requiring Bobcat to surrender proceeds from its sale of working interests in the oil and gas wells at issue. *Tops Markets, LLC v. Brookgate Assocs., LLC*, No. 1:07-cv-1620, 2007 WL 2156389, at *1 n.1 (N.D. Ohio July 23, 2007) (quoting *Dinkins v. General Aniline & Film Corp.*, 214 F. Supp. 281, 283 (S.D.N.Y. 1963)).

The Court is not unsympathetic to Diamond's arguments regarding the equitable considerations at stake in Bobcat's sale of its working interests. But "it is indisputable that . . . courts of equity will not, as a general matter, interfere with the debtor's disposition of his property at the instance of a nonjudgment creditor." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 329, 119 S. Ct. 1961, 144 L. Ed. 2d 319 (1999). The Court cannot grant an order that would, in effect, attach the defendant's property without reference to Federal Rule of Civil Procedure 64 and applicable state law. *Id.* at 330 ("The remedy sought here could render Federal Rule of Civil Procedure 64, which authorizes use of state prejudgment remedies, a virtual irrelevance."); *see also Top Markets, LLC*, 2007 WL 2156389, at *1 n.1 ("The deposit of a sum of money into court is not to be used to circumvent the stringent prerequisites for seizure or attachment of a defendant's assets." (citation omitted)).

3

If Diamond wishes to seize or attach Bobcat's assets to "secure satisfaction of the potential judgment[,]" Rule 64 directs it to state law. Fed. R. Civ. P. 64(a). In Ohio, attachment is governed by Ohio Rev. Code Section 2715. That provision allows for attachment of property when certain conditions are met. *See* Ohio Rev. Code § 2715.01. In short, Ohio law requires the party seeking attachment to provide notice, file an affidavit, and, in some cases, post a bond in an amount twice the value of the property to be attached. Ohio Rev. Code §§ 2715.03, 2715.041, 2715.044. It also entitles the opposing party to an evidentiary hearing upon request. Ohio Rev. Code § 2715.04. Diamond's motion does not comply with the requirements of Ohio law. It is therefore inadequate under either Rule 64 or Rule 67.

Accordingly, and for the reasons stated herein, Diamond's motion for deposit of sale proceeds (Doc. No. 39) is DENIED WITHOUT PREJUDICE. Additionally, in view of the ruling on Diamond's motion for deposit of sale proceeds, Bobcat's motion for oral argument (Doc. No. 42) is DENIED.

**IT IS SO ORDERED**.

Dated: August 22, 2024

HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT